IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EARNEST B. CAFFEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 1523 |
| ) | |
| EEOC DEPT OF BD REVIEW and GROEN ) | |
| DIVISION DOVER CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

On October 6, 2003 pro se plaintiff Earnest Caffey ("Caffey") submitted a self-prepared Complaint of Employment Discrimination in Case No. 03 C 7053, using the form provided by this District Court's Clerk's Office but failing to fill in the information required by that form in a number of necessary respects (in addition to which Caffey's handwritten statement accompanying the Complaint was truly unintelligible). Although this Court then issued an October 23, 2003 memorandum order that gave Caffey the opportunity to cure those flaws, his later-filed replacement Complaint was just as impenetrable--so much so that its legally frivolous nature required this Court to issue a November 12, 2003 memorandum order denying his in forma pauperis application on that ground.

When Caffey did not then pay the $150 filing fee, this Court dismissed the action (as the November 12 memorandum order had warned would happen). Caffey then sought to appeal in forma pauperis, and on May 12, 2004 our Court of Appeals issued a one-

page order denying his effort to do so and summarily affirming the dismissal (in its Case No. 03-4350).

Now, more than ten months later, Caffey has tendered another self-prepared Complaint of Employment Discrimination together with an In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion"), each on a form provided by the Clerk's Office. Once again Caffey's narrative statement of his claim, this time shorter and set out in handwritten form in Complaint ¶¶12 and 13, is too opaque to be understood. But this time the Complaint is also far too late to meet the statutory timeliness requirement for any claim of employment discrimination (Caffey still seeks to rely on the right-to-sue letter that had been issued back in 2003).

Under the circumstances no justification exists for granting Caffey in forma pauperis treatment to proceed with his current legally frivolous action. This Court accordingly denies the Application, dismisses this action sua sponte and denies the Motion as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 15, 2005

2